```
                    UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF WASHINGTON

JACK LEE GILCHRIST,            )
                               )  No. CV-05-5010-CI
          Plaintiff,           )
                               )  ORDER GRANTING DEFENDANT'S
v.                             )  MOTION TO DISMISS FOR LACK OF
                               )  SUBJECT-MATTER JURISDICTION
JO ANNE B. BARNHART,            )
Commissioner of Social         )
Security,                      )
                               )
          Defendant.           )
                               )
```

BEFORE THE COURT is Defendant's Motion to Dismiss (Ct. Rec. 5), noted for hearing without oral argument on May 16, 2005. Attorney David L. Lybbert represents Plaintiff; Special Assistant United States Attorney Richard A. Morris represents Defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 4.) After reviewing the briefs filed by the parties, the court **GRANTS** Defendant's Motion to Dismiss.

Defendant moves to dismiss review of this action, contending Plaintiff has failed to exhaust his administrative remedies; therefore, Defendant argues, there is no "final decision" following a hearing required to establish subject-matter jurisdiction under 42 U.S.C. § 405(g). Plaintiff asserts review is properly before this court because that is the only avenue of redress open to Plaintiff who contends he did not receive timely notice of denial of

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
FOR LACK OF SUBJECT-MATTER JURISDICTION - 1

reconsideration. He also contends the decision of the Appeals Council, dismissing review, was a "final" decision.

The record indicates Plaintiff filed an application for disability benefits on December 16, 2003; the application was denied initially and on reconsideration. (Ct. Rec. 7, Dunaway Decl. at 3.) A notice denying reconsideration dated March 12, 2004, was mailed to Plaintiff; that notice advised him of the 60-day time period for seeking review. (Ct. Rec. 7, Dunaway Decl. at 3.) Plaintiff filed a request for administrative hearing on July 26, 2004, well beyond the 60-day filing period permitted under 20 C.F.R. § 404.933(b)(1). Plaintiff submitted a good cause statement for late filing, referencing mail service problems. On July 30, 2004, the ALJ dismissed the request for hearing on grounds of untimeliness and a failure to establish good cause to extend the time limit. (Ct. Rec. 7, Dunaway Decl. at 3, Ex. 1.) The ALJ found a presumption existed that a properly addressed notice would be delivered by the postal service and Plaintiff's statement of non-delivery was insufficient to overcome the presumption. On January 8, 2005, the Appeals Council dismissed the request for review. (Ct. Rec. 7, Dunaway Decl. at Ex. 2.)

Sections 405(g) and (h) of the Social Security Act require that, to obtain judicial review of a decision of the Commissioner, a claimant must have obtained a "final decision . . . made after a hearing." 42 U.S.C. § 405(g); *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). An ALJ's dismissal of an untimely request for hearing is not a "final decision made after a hearing." Thus, subject-matter jurisdiction is lacking under 42 U.S.C. § 405(g); *Hoye v. Sullivan*, 985 F.2d 990, 991 (9th Cir. 1993). Absent a final

decision, the district court nevertheless has subject-matter jurisdiction if there is a colorable constitutional claim of denial of due process. *Evans v. Chater*, 110 F.3d 1480, 1482-83 (9th Cir. 1997). No such claim was made here.

Additionally, the decision of the Appeals Council to dismiss the request for review is not reviewable as a "final decision" of the Commissioner. *Matlock v. Sullivan*, 908 F.2d 492, 493 (9th Cir. 1990); *see also Brandtner v. Department*, 150 F.3d 1306, 1307 (10th Cir. 1998) (collecting cases). Accordingly,

**IT IS ORDERED**:

1. Defendant's Motion to Dismiss **(Ct. Rec. 5)** is **GRANTED**; the Complaint and claims are **DISMISSED WITH PREJUDICE**.

2. The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. The file shall be **CLOSED** and judgment entered for Defendant.

DATED June 2, 2005.

                 S/ CYNTHIA IMBROGNO
              UNITED STATES MAGISTRATE JUDGE